IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 14-cv-00197-CMA-CBS

TOMAS CUENCA DIAZ,

Applicant,

v.

CORINA E. ALMEIDA,
JEH JOHNSON,
JOHN SUTHERS,
MR. CHOATES,
JOHN MORTON,
JOHN LONGSHORE, and
ERICK HOLDER, JR.,

Respondents.

## ORDER DENYING APPLICATION FOR WRIT OF HABEAS CORPUS

This matter is before the Court on a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. # 1), filed by Petitioner Tomas Cuenca Diaz ("Petitioner"). Petitioner is a non-citizen[1] who has been detained as he challenges his removal from the United States. Petitioner is proceeding *pro se*, and thus the Court liberally construes his pleadings. *See Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991). So construed, this Court interprets Petitioner to advance two claims: (1) the Attorney General's authority to detain him under 8 U.S.C. § 1226(c), and (2) the

---

[1] The Supreme Court has used the term "noncitizen" to refer to immigrants such as Mr. Gomez-Hermosillo. *See Moncrieffe v. Holder*, 133 S. Ct. 1678, 1678 (2013) (analyzing the immigration consequences for "noncitizens" convicted of crimes). This Court adheres to the convention used by the Supreme Court, unless quoting from an authority that uses a different term.

constitutionality of his detention while in immigration removal proceedings. For the following reasons, both of these claims fail.

First, Petitioner's claim relating to the statutory authority for his detention under § 1226 is now moot because Petitioner is not detained under that provision. On August 28, 2013, an Immigration Judge ("IJ") found Petitioner removable from the United States, a determination that Petitioner appealed on numerous grounds to the Board of Immigration Appeals (BIA). (Doc. 10-1, at 18-19.) On December 31, 2013, the BIA affirmed the IJ's decision. (*Id.*) He is therefore subject to a final order of removal. *See* 8 U.S.C. § 1101(a)(47)(B); 8 C.F.R. § 1241.1(a) ("An order of removal made by the immigration judge at the conclusion of proceedings . . . shall become final . . . [u]pon dismissal of an appeal by the Board of Immigration Appeals."). Further, once an order of removal is administratively final, ICE's detention authority is based on §1231(a), not § 1226. *See Gomez-Hermosillo v. Holder*, No. 13-cv-02865-CMA, 2013 WL 6690002, at *2 (D. Colo. Dec. 19, 2013).

A case becomes moot if an event occurs during the pendency of the action that "makes it impossible for the court to grant any effectual relief whatever to a prevailing party." *Church of Scientology v. United States,* 506 U.S. 9, 12 (1992). Because any finding by this Court about the scope of the detention authority in § 1226(c) would not entitle Petitioner to any form of relief, this claim is now moot.

Second, any challenge to Petitioner's current detention under § 1231(a) is premature. As just noted, Petitioner's removal order became administratively final on December 31, 2013, which means that what is termed the "removal period" began on the same date. *See* 8 U.S.C. § 1231(a)(1)(B). Under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), there is a presumptively reasonable six-month removal period during which detention under § 1231(a) is presumed to be constitutional. Because Petitioner is still within that six-month period, his constitutional challenge to his detention is therefore premature.

IT IS THEREFORE ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. # 1) is DENIED, and this action is DISMISSED WITHOUT PREJUDICE.

FURTHER ORDERED that the January 24, 2014 Order (Doc. # 3) requiring Petitioner to remain in custody until further court order is WITHDRAWN.

DATED: February  25 , 2014

BY THE COURT:

*Christine M. Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge